**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
Douglas R. Miller
United States Magistrate Judge



101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

March 4, 2026

<u>LETTER OPINION</u>

Re:  *Bock v. Commissioner of Social Security*
Civil No. 1:21-cv-02821-DRM

Dear Counsel:

Plaintiff has filed an Amended Motion for Attorney Fees under the Social Security Act ("Act"), 42 U.S.C. § 406(b), for the amount of $30,918.50. ECF No. 29. The government responded to Plaintiff's prior Motion for Attorney's Fees, ECF No. 23, which requested the same award amount, neither supporting nor opposing the motion. ECF No. 28. No hearing is necessary. See Loc. R. 105.6 (D. Md. Dec. 1, 2025). For the reasons set forth below, Plaintiff's motion for attorney's fees is GRANTED IN PART.

This Court has awarded Plaintiff's attorney, Lawrence P. Demuth, Esq., $4,495.59 for a total of 19.25 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 21. Plaintiff received an Award Notice, in which he was awarded past due benefits of $123,674.00. ECF No. 29-3. Subsequently, Mr. Demuth filed a Motion in this Court, seeking $30,918.50 in attorney's fees. ECF No. 29. Mr. Demuth has agreed to reimburse Plaintiff in the amount of fees previously received. ECF No. 29; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

*Bock v. Commissioner of Social Security*
Civil No. 1:21-cv-02821-DRM
Page 2

Here, Mr. Demuth and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Demuth twenty-five percent of all retroactive benefits to which he might become entitled. ECF No. 18-5. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Demuth submitted itemized reports documenting 19.25 chargeable hours he expended before this Court in Plaintiff's case. *See* ECF No. 18-7. If Mr. Demuth receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,606.16 per hour. Mr. Demuth must therefore show that an effective rate of $1,606.16 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Demuth's typical hourly billing rate is $350, ECF No. 18-6 ¶ 6. Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). This Court has routinely approved contingency fee agreements for Mr. Demuth in successful Social Security appeals that produce much higher hourly rates than his typical hourly rate. *See Holly C. v. Comm'r, Soc. Sec. Admin*, 1:21-cv-01043-JMC, (D. Md. Sept. 13, 2023); *Sharon S. v. Comm'r, Soc. Sec. Admin*, 1:21-cv-00001-JMC, 2022 WL 16951447 (D. Md. Nov. 15, 2022); *Wayne C. v. Comm'r, Soc. Sec. Admin*, 1:18-cv-02512-MDLB, 2021 WL 5181824 (D. Md. Nov. 8, 2021). However, the requested rate is higher than those awards. Instead, this Court concludes that an hourly rate of $1,400.00, four times Mr. Demuth's typical hourly billing rate, is a reasonable rate in this case. A rate of $1,400.00 for 19.25 hours of work would result in a fee of $26,950.00, which is reasonable and should be approved.

For the reasons set forth herein, this Court GRANTS IN PART Plaintiff's Amended Motion seeking attorney's fees, ECF No. 29. This Court will award Mr. Demuth attorney's fees totaling $26,950.00. Mr. Demuth is directed to reimburse to Plaintiff the fees he received pursuant to the EAJA.

Notwithstanding the informal nature of this letter, it should be docketed as an opinion. A separate implementing order follows.

Sincerely,

_____/s/_____

Douglas R. Miller
United States Magistrate Judge
District of Maryland